Curia, per Wardlaw, J.
In this joint action, ex. contractu,; there could not have been a severance of damages, so as to make Brannon liable for more than Mundy.
A subsequent forbearance upon usurious consideration, whereby a note originally pure was tainted, was, in effect, a *155 new lending; and, therefore, under our Statutes, the borrower was properly admitted as a witness to prove the usury, where the lender declined to testify. A substituted note, given, to the administratrix, was in no better condition than a substitute given to the intestate would have been.
The main effort of the appellant, in the argument here, has been to shake the authority of the case of Harp v. Chandler & Neil. According to that case, if the original note was entirely free from usury, the subsequent acceptance of usurious interest, or forbearance upon an usurious consideration, makes the sum due at the day on which the usury-commenced, the principal sum, which alone, after deduction of all payments, can, under our Statute of 1831, be recovered, without interest or costs. This Court has no disposition to depart from that case; but its consideration is not essential here; for here the receipt of usury from the date of the note was regarded only as evidence of original taint, and the jury have, in effect, found that the original note was taken with an understanding between the parties that usurious interest should be paid on it. There was no express stipulation about any interest, either lawful or unlawful; but there was payment of 12-J per cent, per annum made for two several years ; and this was made, not because of any new agreement/but in conformity with the usual course of dealing between the parties. It seems plain, as the jury have found, that there was a tacit understanding at the beginning that usurious interest should be paid.
The motion is dismissed.
Evans, Frost and Withers, JJ., concurred.

Motion refused,.